IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON S. ANDERSEN,

    Plaintiff,

v.

CAROLYN L. COLVIN,
Commissioner of Social Security,

    Defendant.

Case No. 3:15-cv-0664-PA

**ORDER**

**PANNER, District Judge**:

    Plaintiff Jason Andersen prevailed on his claim for Social Security disability benefits. Opinion & Order, ECF No. 18. Plaintiff now petitions for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Defendant opposes the petition, and in the alternative contends that the number of hours requested should be reduced to reflect unsuccessful arguments made by Plaintiff's counsel. I grant the petition.

### BACKGROUND

    I concluded that the ALJ erred in rejecting Plaintiff's testimony on the extent and severity of his multiple sclerosis (MS). I also concluded that the ALJ did not err in rejecting the medical opinions of Drs. Teresa Everson and Joshua Russell, or in finding that Plaintiff's depression and

1 - ORDER

anxiety were not severe impairments. This court issued a judgment reversing and remanding this case for an award of benefits.

In his attorney's fee petition, Plaintiff seeks $7,839.54, based on a total of 41.20 hours of work at the hourly rate of $190.28.

## LEGAL STANDARDS

The EAJA allows the prevailing party in a civil action against the United States to recover attorney's fees if the government's position, either during the litigation or the government's conduct giving rise to the litigation, was not "substantially justified." *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1151 (9th Cir. 2002). "Substantial justification" "means that the government's position must have a 'reasonable basis both in law and in fact,' i.e., the government need not be 'justified to a high degree,' but rather 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." *Id.* (citations omitted). "The government bears the burden of showing that its position was substantially justified *throughout* the ... proceedings." *Id.* at 1151 n.7 (citing *United States v. 22249 Dolorosa St.*, 190 F.3d 977, 982 (9th Cir. 1999)). This court has discretion to award attorney's fees under EAJA. *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998).

## DISCUSSION

### I. The Government's Position Was Not Substantially Justified

In concluding that the ALJ erred in rejecting Plaintiff's testimony, I stated that because Plaintiff "presented objective medical evidence of his MS, he created a reasonable inference to support his allegations of fatigue and other symptoms." Opinon & Order 12. The ALJ did not give clear and convincing reasons for rejected Plaintiff's testimony. Because the ALJ did not apply the proper legal standard in evaluating Plaintiff's testimony, I conclude that the government's position was not substantially justified. *See Williams v. Colvin*, No. C -11-02962 (EDL), 2013 WL 4758190, at *4 (N.D. Cal. Sept. 4, 2013) (ALJ's failure "to adequately support its credibility findings is reason to award EAJA fees to a prevailing party").

2 - ORDER

## II. The Amount of Attorney's Fees

The government argues that even if Plaintiff is entitled to fees under the EAJA, the court should reduce amount of fees because Plaintiff did not prevail on two of the three primary arguments he raised. I conclude, however, that when a plaintiff achieves a reversal and remand for award of benefits, the result is successful even if the plaintiff did not prevail on all of his arguments. *See Eastman v. Astrue*, No. 3:11-cv-00701-PK., 2013 WL 1130784, at *5 (D. Or. Jan. 25, 2013) (plaintiff achieved a "successful result" by obtaining "a reversal and remand based on two of his [five] legal theories"), *adopted*, 2013 WL 1130762 (D. Or. Mar. 15, 2013); *Williams v. Astrue*, No. 1:10-cv-194-CL, 2012 WL 3527224, at *4 (D. Or. 2012) (accord), *adopted*, 2012 WL 3527207 (D. Or. Aug. 15, 2012).

I have examined the hours requested by Plaintiff and find them to be reasonable. Defendant does not object to the statutory hourly rate.

## CONCLUSION

Plaintiff's Petition for Fees Per Equal Access to Justice Act, ECF No. 20, is GRANTED. Plaintiff is awarded $7,839.54 in attorney's fees ,subject to offset for any debts that may be owed by Plaintiff to the federal government.

IT IS SO ORDERED.

DATED this 14 day of December, 2016.

OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER